FORREST *v.* FORREST.

1. DIVORCE—ADULTERY—CONDONATION—CHARGE REVIVED BY SUBSEQUENT CONDUCT.

In a suit for divorce by the husband, his condonation of the wife's lapse from chastity by living with her does not bar him from relief, where her subsequent conduct revived his right to make the charge.

2. SAME—EVIDENCE—SUFFICIENCY.

The decree for plaintiff, *held*, justified by the record.

3. SAME—ALIMONY.

The decree is affirmed, except that it will be amended by making the allowance of $125 as permanent alimony payable within 30 days from date of decree in this court.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 6, 1921. (Docket No. 18.) Decided June 6, 1921.

Bill by Frank P. Forrest against Mary Felch Forrest for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*R. J. Macdonald* (*D. A. Macdonald,* of counsel), for plaintiff.

*Willard G. Turner, Jr.,* for defendant.

WIEST, J. Defendant appeals from a decree of divorce. In his bill for divorce plaintiff charged defendant with extreme cruelty in leaving their home for periods of varying lengths of time, consorting with evil-minded men and women, immoral conduct, use of drugs and in calling him vile names. In her answer defendant denied the charges. The parties were married in 1888 and have three children of mature years. An examination of the testimony discloses that the parties have called each other vile names without seriously offending the sense of decency of either. The evidence does not support the charge that defendant was addicted to the use of drugs. The charge of her immoral conduct is established by evidence outside of her admission to plaintiff. His condonation of her lapse from chastity by living with her does not bar him from relief, for the reason that her subsequent conduct revived his right to make the charge. The testimony is too disgusting to be stated and of no interest to the profession.

We feel that this is a case where the trial judge, with the witnesses before him and with the parties face to face, was in a position to pass upon the issues with certitude, and we discover no reason for setting aside his determination. The alimony awarded is a small sum but we cannot raise it under the evidence by accepting the urged value of a neighbor's property as decisive of the value of plaintiff's property. We must take the testimony as given and not attempt to apply

the comparison urged. We are of the opinion, however, that the allowance of $125 as permanent alimony should be paid within 30 days from the date of the decree in this court. With this modification the decree in the court below is affirmed, without costs to either party.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.